**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

————————————————————X
                                                    :
RENEE PISTONE, on behalf of herself and all    :
others similarly situated,                          :
                                                    :
                            Plaintiff,              :    Civil Action No.
                                                    :
vs.                                                 :    **CLASS ACTION COMPLAINT AND**
                                                    :    **JURY TRIAL DEMAND**
HALSTED FINANCIAL SERVICES, LLC,               :
                                                    :
                            Defendant.              :
                                                    :
                                                    :
————————————————————X


Plaintiff RENEE PISTONE, on behalf of herself and all others similarly situated, (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendant HALSTED FINANCIAL SERVICES, LLC ("Defendant"), the following:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action for statutory damages and declaratory and injunctive relief arising from Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because

jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this

jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer,"

"debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues.

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt

collection practices provides for the initiation of court proceedings to enjoin violations of

the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of the State of New Jersey,

County of Ocean and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Based upon information and belief Defendant Halsted Financial Services,

LLC is a debt collector based in Skokie, Illinois.

9.      Upon information and belief, Defendant is a company that uses the mail,

telephone, and facsimile and regularly engages in business, the principal purpose of

2

which is to attempt to collect debts alleged to be due another.  Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10.    Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11.    This Action is properly maintained as a class action. The Class consists of:

 • All New Jersey consumers who were sent letters and/or notices from or on behalf of Defendant in a form substantially similar to attached Exhibit A and which included the alleged conduct and practices described herein.

• The Class period begins one year to the filing of this Action.

12.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

•    Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (See **Exhibit A**), except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers in an effort to protect

Plaintiff's privacy);

• There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.    Whether the defendant violated various provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692e, 1692f and/or 1692g, and subsections therein;

    b.    Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    g.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

• Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

• Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**STATEMENT OF FACTS**

13.    Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is

5

defined by 15 U.S.C. §1692a(3).

14.     Prior to March 4, 2020, Plaintiff allegedly incurred a financial obligation to Synchrony Bank ("Synchrony") related to a consumer credit card debt ("the Debt").

15.     The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16.     The alleged Synchrony Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

17.     Synchrony is a "creditor" as defined by 15 U.S.C. § 1692a(4).

18.     At some time prior to March 4, 2020, the Synchrony Debt obligation became past due with a balance of $744.05.

19.     Based upon information and belief, sometime prior to March 4, 2020, Synchrony either directly or through intermediate transactions assigned, placed, sold or transferred the Debt to LVNV Funding LLC ("LVNV"), who became the new owner of the Debt.

20.     Subsequently, LVNV either directly or through intermediate transactions assigned, placed, or transferred the Debt to Defendant for purposes of collection.

21.     At the time the Debt was assigned, placed, and or or transferred to Defendant, the Debt was in default.

22.     Defendant caused to be delivered to Plaintiff a letter ("the Collection Letter") dated March 4, 2020 concerning the Debt, which sought to collect an amount owed of $744.05 for an account ending in 6610.  Attached as **Exhibit A** is a copy of the March 4, 2020 collection letter.

23.     At the time the Synchrony Debt was placed with Defendant, the balance was past due.

24.     The March 4, 2020 collection letter was Defendant's initial written communication to Plaintiff with respect to the Debt.

25.     The Collection Letter was sent in connection with the collection of the Synchrony obligation.

26.     The March 4, 2020 collection letter was a "communication" as defined by 15 U.S.C. §1692a(2).

27.     The Collection Letter provides two different settlement options to resolve the debt.

28.     The first option offers to settle the Debt for $595.24.

29.     The second option offers to settle the Debt for $669.65, payable in three payments, for a total savings of $74.40.

30.     If the consumer were to accept the second option, the consumer would save 10% of the balance.

31.     However, the upper right top of the Collection Letter states in large bolded print, "20% off your balance."

32.     While the "20% off your balance" representation may be true with respect to the first option it is not true with respect to the second option and misrepresents the amount of savings the consumer would receive by accepting the second option to settle the debt.

33.     In reading the Collection Letter, based upon the "20% off your balance" language, the least sophisticated consumer would believe that by selecting the second

7

option, he or she would be receiving a 20% discount off the balance, when this is not true.

34.    Thus, the Collection Letter is false, deceptive and/or misleading with respect to the amount of discount the consumer would receive by selecting the second option to settle the Debt.

35.    Additionally, after presenting the two options to resolve the Debt, the Collection Letter states, "This office is not obligated to renew these offers after 4/21/2020.

36.    The Collection Letter fails to state whether the settlement payment must be sent by the consumer or received by Defendant, by the stated deadline in order to accept the settlement offer.

37.    Whether a payment would actually settle the debt is, by definition, a material term of a settlement offer and must be communicated clearly and effectively.

38.    The Collection Letter could be interpreted by the least sophisticated consumer to mean that such payment must be mailed to Defendant by the stated deadline in order to accept the settlement offer.

39.    The Collection Letter could also be interpreted by the least sophisticated consumer to mean that such payment must be received by Defendant by the stated deadline in order to accept the settlement offer.

40.    The least sophisticated consumer reading the Collection Letter would be left to wonder about a material term of the settlement offer.

41.    As result of the lack of clarity regarding the payment as to the settlement amount by the least sophisticated consumer, the Collection Letter is open to more than

one reasonable interpretation, at least one of which is inaccurate.

42.     Additionally, as the initial written communication from Defendant, The Collection Letter was required to contain a notification of Plaintiff's verification rights within the meaning of 15 U.S.C. §1692g(a).

43.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

44.     15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

45.     15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

46.     15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

47.     A debt collector has the obligation not just to convey the 15 U.S.C. §

9

1692g required disclosures, but also to convey such clearly.

48.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

49.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

50.     15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

51.     A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

52.     Defendant's request for payment within the "30 day dispute period" without explaining that its demand did not override the consumer's right to dispute ("Reconciling Statement") rendered the validation notice ineffective.

53.     Without the inclusion of a "Reconciling Statement", Defendant's letter violates the FDCPA as it overshadows and renders the validation notice ineffective.

54.     Where an actual or apparent contradiction of the validation notice exists, the letter must include a reconciling statement to avoid the confusion that would result if

10

the letter does not explain how the demand for payment fits together with the consumer's right to dispute the debt. See Wilson v. Quadramed Corp., 225 F.3d 350 (3d Cir 2000)

55.     Plaintiff and others similarly situated would be confused by Defendant's demand for payment within the "30 day dispute period" allowed under the FDCPA.

56.     If Plaintiff and others similarly situated sent payment within the "30 day period" would they be giving up their rights to dispute the debt or have it verified?  If Plaintiff and others similarly situated disputed the debt and also sent payment, and the debt was found invalid, would Defendant return the payment?

57.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendant.

58.     Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

59.     Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

60.     Defendant violated Plaintiff's right to a trustful and fair debt collection process.

61.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

62.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The

11

Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

63.     The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

64.     It is Defendant's pattern and practice to send collection letters in the form described above, and which violate the FDCPA.

65.     On information and belief, Defendant sent letters in the form described above to at least 50 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT
### VIOLATIONS OF 15 U.S.C. §1692

66.     Plaintiff repeats the allegations contained in paragraphs 1 through 65 as if the same were set forth at length.

67.     Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

68.     Defendant's conduct violated several provisions of the FDCPA, including, but not limited to:

A.  15 U.S.C. §1692e, by the use of any false, deceptive or misleading representation or means in connection with the collection of a debt;

B.  15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C.  15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

D.  15 U.S.C. § 1692e(10), by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

E.  15 U.S.C. §1692f, by using unfair or unconscionable means to collect or attempt to collect any debt; and,

F.  15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law; a

G.  15 U.S.C. §1692g, by effectively failing to provide the debt verification rights notice;

H.  15 U.S.C. §1692g(b), by engaging in collection activity which overshadows or is inconsistent with the consumer's right to dispute the debt.


**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representatives and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding pre-judgment interest;

(d) Awarding post-judgment interest;

(e) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may

deem just and proper.

Dated:   Rutherford, New Jersey
         March 4, 2021

                                    Respectfully submitted,


                             By: s/ Lawrence C. Hersh
                                 Lawrence C. Hersh, Esq.
                                 17 Sylvan Street, Suite 102B
                                 Rutherford, NJ  07070
                                 (201) 507-6300
                                 *Attorney for Plaintiff*


## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby

certify to my own knowledge and based upon information available to me at my office,

the matter in controversy is not the subject of any other action now pending in any court

or in any arbitration or administrative proceeding.


Dated: March 4, 2021              By: s/ Lawrence C. Hersh
                                      Lawrence C. Hersh, Esq.


14

EXHIBIT A

# Halsted Financial Services, LLC

*P.O. Box 828, Skokie, IL 60076 • Tel: 855-221-9737 ext 701 • Web: www.halstedfinancial.com*
*Hours of Operation: M-TH 8am – 8pm / Fri-Sat 8am - 5pm*

**20%**
off your balance

3/4/2020

| | |
|---|---|
| Our Reference Number: ███700 | Original Creditor Account Number: XXXXXXXXXXXXX6610 |
| Balance Due: $744.05 | Current Creditor Account Number: ███745 |
| Original Creditor: Synchrony Bank | Current Creditor To Whom The Debt Is Owed: LVNV Funding LLC |

Dear RENEE A PISTONE,

LVNV Funding LLC has purchased your Walmart Rewards Card account from Synchrony Bank.

Your account has been placed by LVNV Funding LLC with our agency for collections. Please contact us at 855-221-9737 ext 701. You do have options!

1) We are offering a compromise of $595.24 to resolve this debt. That's a savings of $148.81!

2) If you cannot take advantage of the above offer, we can offer you a compromise of $669.65 in three payments of $223.21, $223.21 and $223.23 over three consecutive months. That's a savings of $74.40!

This office is not obligated to renew these offers after 4/21/2020. Please call us at 855-221-9737 ext 701 or visit www.halstedfinancial.com/payment-portal/ to make a payment.

Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations. This notice in no way affects any rights you may have.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request from this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different than the current creditor.

Sincerely,
Jonathan Volpert, Account Manager

All payments and correspondence must be mailed to PO Box 828 Skokie, IL 60076
Please see the following pages for additional notices

883-SFHALF10-SM-OFR-03/23/18

*** Please detach the lower portion and return with your payment ***

Y253E805E0

PO Box 505
Linden MI 48451-0505
ADDRESS SERVICE REQUESTED

| | |
|---|---|
| | Our Reference Number: ███700 |
| | Balance Due: $744.05 |
| | **Discount Offer: $595.24** |

3/4/2020

0008130024014701061908753433806—Y253E805E0 883
RENEE A PISTONE
████████████████

─── MAKE CHECKS PAYABLE AND SEND TO ───

Halsted Financial Services, LLC
PO BOX 828
Skokie IL 60076-0828

## PRIVACY NOTICE

This Privacy Notice is being provided on behalf of each of the following related companies (collectively, the "Resurgent Companies"). It describes the general policy of the Resurgent Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Resurgent Capital Services L.P. | LVNV Funding, LLC | Ashley Funding Services LLC |
| Resurgent Acquisitions LLC | PYOD LLC | SFG REO, LLC |
| Resurgent Receivables LLC | Pinnacle Credit Services, LLC | CACV of Colorado, LLC |
| Resurgent Funding LLC | Sherman Originator LLC | Anson Street LLC |
| CACH, LLC | Sherman Originator III LLC | Sherman Acquisition L.L.C. |

**Information We May Collect.** The Resurgent Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Resurgent Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform certain services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates** From time to time, the Resurgent Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act or applicable state law.

**Sharing Collected Information with Third Parties** The Resurgent Companies do not share collected information about customers or former customers with third parties, except as permitted in connection with administering and collecting accounts under the Fair Debt Collections Practices Act and applicable state law.