UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RENEE PISTONE, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>HALSTED FINANCIAL SERVICES, LLC,<br><br>Defendant. | Civil Action No. 21-4167 (MAS) (LHG)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendant Halsted Financial Services, LLC's ("Halsted") Motion to Dismiss Plaintiff Renee Pistone's ("Pistone") Complaint. (ECF No. 8.) Pistone opposed (ECF No. 10), and Halsted replied (ECF No. 11). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Halsted's Motion.

**I.     BACKGROUND**

This matter arises out of a putative class action for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Prior to March 4, 2020, Pistone incurred a debt with Synchrony Bank. (Compl. ¶ 14, ECF No. 1.) That debt became past due with a balance of $744.05. (*Id.* ¶ 18.) Sometime later, Synchrony Bank assigned the debt to LVNV Funding LLC, which subsequently assigned it to Halsted. (*Id.* ¶¶ 19-20.) On March 4, 2020, Halsted sent Pistone a letter (the "Collection Letter") which sought to collect the amount of the debt. (*Id.* ¶ 22.) Various aspects of that Collection Letter, detailed below, are the subject of this Complaint.

To begin, the Collection Letter states in large, bolded print, "20% off your balance." (Compl. Ex. A, ECF No. 1-1.) The body of the Collection Letter, however, provides two options of repayment in relevant part:

> 1) We are offering a compromise of $595.24 to resolve this debt. That's a savings of $148.81!
>
> 2) If you cannot take advantage of the above offer, we can offer you a compromise of $669.65 in three payments of $223.21, $223.21[,] and $223.23 over three consecutive months. That's a savings of $74.40!
>
> This office is not obligated to renew these offers after 4/21/2020.

(*See* Compl. ¶¶ 27-29, 31; Compl. Ex. A.) The parties do not dispute that the first option constitutes a savings of 20%, while the second option does not. (Compl. ¶ 32; Def.'s Moving Br. 1, ECF No. 8-2.) Because the second option does not amount to 20% off the balance, Pistone alleges that the Collection Letter is false, deceptive, or misleading. (Compl. ¶¶ 33-34.)

The Collection Letter also discloses that Halsted "is not obligated to renew these offers after 4/21/2020." (*Id.* ¶ 35.) That disclosure, however, does not specify whether the settlement payment must be sent by the consumer or received by Halsted by that date. (*Id.* ¶ 36.) Without that specification, Pistone alleges that the Collection Letter is open to more than one reasonable interpretation, at least one of which is inaccurate and, thus, deceptive. (*Id.* ¶¶ 38-41.)

## II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2)[1] "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

---

[1] All references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

2

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me[.]" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### III. DISCUSSION

Halsted argues that Pistone fails to state a claim under Sections 1692e, 1692g, or 1692f. For the reasons below, the Court agrees and holds that Pistone's FDCPA claims fail.

#### A. The FDCPA Standard

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 374 n.1 (2013). To prevail on a FDCPA claim, a plaintiff must demonstrate that "(1) [they are] a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a debt as the Act

defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 427 (3d Cir. 2018).

To determine whether a debt collection practice violates the FDCPA, courts analyze claims from the perspective of the "least sophisticated debtor." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 418 (3d Cir. 2015) (citing *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)). This is an objective standard asking not whether Pistone was misled, but whether the practice would mislead the least sophisticated debtor. *Id.* at 419. The debt collector, however, cannot be held liable for a consumer's "bizarre or idiosyncratic interpretations of collection notices[.]" *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000). When analyzing a letter for deceptive or misleading practices, the Court must read the letter "in [its] entirety." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 430 (3d Cir. 2018). Whether the least sophisticated consumer would be misled by a debt collection practice is a question of law which can be decided on a motion to dismiss. *Thomas v. John A. Youderian Jr., LLC*, 232 F. Supp. 3d 656, 672 (D.N.J. 2017) (quoting *Smith v. Lyons, Doughty, & Veldhuius, P.C.*, No. 07-5139, 2008 WL 2885887, at *3 (D.N.J. July 23, 2008); *Wilson*, 225 F.3d at 353 n.2.

  **B.**  **Pistone's § 1692e Claims Fail to State a Plausible Basis for Relief.**

Section 1692e of the FDCPA prevents a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute provides several non-exhaustive examples including falsely representing "the character, amount, or legal status of any debt"; falsely representing "any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt"; and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. §1692e(2)(A)-(B), (10). With that in mind, the Court finds that Pistone's § 1692e claims fail.

The Complaint alleges two § 1692e violations. First, Pistone alleges that the offer of a 20% discount while simultaneously providing two settlement options would mislead a debtor. Second, Pistone alleges that the Collection Letter is deceptive because it does not clarify whether payment must be mailed or received by April 21, 2020 in order to accept the offer. Halsted avers that Pistone's claim of § 1692e violations fail because (1) the settlement options were not misleading, and (2) the settlement deadline was not a material misrepresentation. (Def.'s Moving Br. 5-6.) According to Halsted, the Collection Letter means were not deceptive because the first option was the only reasonable option intended to offer the 20% discount. (*Id.*) Halsted argues that the language contained in the second option, "[i]f you cannot take advantage of the above offer," indicates to the debtor that this option would not amount to the same 20% off. (*Id.* at 6.) Halsted, therefore, argues that the least sophisticated debtor would see the two different total amounts saved, coupled with that language, and not be misled to believe the second option amounts to 20% off the balance. (*Id.* at 5-6.) Regarding the settlement deadline, Halsted argues that it did not violate § 1692e in that the ambiguity is a difference of a few days, and therefore not materially misleading. (*Id.* at 6.) The Court addresses both below.

    **1.**    **The Least Sophisticated Debtor Would Not Be Confused By Two Differing Payment Options.**

Courts in this District recognize that offering multiple payment options in a settlement letter is not deceitful. *See Frias v. MRS Assocs., Inc.*, No. 11-2816, 2011 WL 5599984, at *5 (D.N.J. Nov. 16, 2011) ("The FDCPA does not prohibit settlement letters nor require specific payment options to be delineated within them." (citing *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 299 (3d Cir. 2008)). Pistone, however, avers that the offer of eliminating "20% off [Plaintiff's] balance," while simultaneously offering two options (one of which does not represent a savings of 20%), in the Collection Letter is deceitful. (Pl.'s Opp'n Br. 8-9.)

5

"A communication subject to the FDCPA is deceptive if 'it can be reasonably read to have two or more different meanings, one of which is inaccurate.'" *Campuzano-Burgos*, 550 F.3d at 298 (quoting *Rosenau v. Unifund Corp.*, 539 F.3d 218, 222 (3d Cir. 2008)). Here, the Court finds that the Collection Letter cannot be read with more than one meaning and therefore, the least sophisticated debtor would not be misled by the two options. Pistone does not dispute that the first option constitutes a savings of 20%. Rather, Pistone merely contends that the least sophisticated debtor would read "20% off your balance" as to apply to both options. The second option, however, is preceded by "[i]f you cannot take advantage of the above offer," indicating that Halsted offered two distinct options to Pistone. (Compl. Ex. A.) Furthermore, the options set forth the savings to which the different options amount. (*Id.*) Because of the language indicating a separate deal coupled with the different totals in payment options, the least sophisticated debtor would not be misled to believe the second option constitutes a savings of 20%. *See Jones-Bell v. Dynamic Recovery Solutions, LLC*, No. 18-13634, 2020 WL 4746766, at *4 (E.D. Mich. Sept. 30, 2019) (finding no § 1692e violation where $.02 discrepancy in four payment settlements was not misleading because the least sophisticated debtor could perform the math).

Pistone counters that "[w]here such a statement is reasonably susceptible to more than one interpretation . . . courts find such statements, even if literally true, to be actionable under § 1692e." (Pl.'s Opp'n Br. 11 (citing *Schultz v. Midland Credit Mgmt., Inc.*, 905 F.3d 159, 163 (3d Cir. 2018)).) Although that principle is settled in this Circuit, in this instance, the Court finds that the statement is not susceptible to more than one *reasonable* interpretation. *Campuzano-Burgos*, 550 F.3d at 301 (finding that defendant's settlement offers cannot "reasonably be read to have more than one meaning" because the least sophisticated debtor, "possessing some common sense and willingness to read the entire document with care" would not be deceived). The letter clearly offers

two separate options, and simple logic dictates that only one of those options can equal the 20%
offer. The Court finds, therefore, with respect to the payment options, there is no § 1692e claim.

### 2. The Least Sophisticated Debtor Would Not Be Deceived By the Settlement Deadline.

The Complaint also contends that the settlement deadline is deceptive as it does not specify if payment must be mailed or received by the deadline offered. (Compl. ¶¶ 36-41.) Halsted, however, contends that the settlement deadline was not a material misrepresentation in violation of § 1692e.[2] (Def.'s Moving Br. 6-7.)

Other courts have faced similar issues. *See Kucur v. Financial Recovery Servs., Inc.*, No. 19-5453, 2020 WL 1821334, at *3 (E.D.N.Y. Apr. 9, 2020) (finding that whether a settlement deadline was mailed or received was irrelevant as the difference between the two was "a matter of days at most"); *Perdomo v. Firstsource Advantage, LLC*, No. 19-03546, 2019 WL 4085255, at *2 (E.D.N.Y. Aug. 28, 2019) ("[a]n ambiguity that, in the worst-case scenario, would lead a consumer to mail her payment a few days earlier than necessary does not rise to the level of a materially misleading statement."); *see also Yoo v. Dynamic Recovery Sols., LLC,* No. 19-21601, 2020 WL 12654351, at *1 (D.N.J. Feb. 26, 2020) ("This language is not ambiguous. A statement that something is "due" on a particular day means precisely that – whatever is owed must be received by that date.").

The Court finds similarly here. The difference between mailing or receipt is a matter of days. At worst, the debtor would pay a few days earlier. Furthermore, in the Collection Letter, Halsted only explicitly provides means of payment by phone or online. (Compl. Ex. A.) Even if the least sophisticated debtor decided to take advantage of the offer on April 21, the debtor could

---

[2] For the avoidance of doubt, the Court notes that this Circuit has previously stated that the materiality standard "is simply another way of phrasing [the least sophisticated debtor] standard we already employ when analyzing claims[.]" *Jensen*, 791 F.3d at 421.

7

make immediate payment through those means. By either of those methods, the least sophisticated debtor would not be misled to pay too late. Nor has Pistone sufficiently alleged that Halsted is using any false representations or deceptive means to secure a debt. The Court, therefore, finds the Complaint has not sufficiently alleged facts that show a plausible claim for relief.

      **C.     Pistone's § 1692g Claim Also Fails as the Settlement Offer Does Not Overshadow the Validation Notice.**

The Complaint alleges that the Collection Letter's settlement offer overshadowed the validation notice in violation of § 1692g. (*Id.* ¶¶ 48-53.) Halsted counters that Pistone's § 1692g claim fails as a matter of law because Halsted's offer to keep the settlement options open for more than 30 days does not "contradict or overshadow" the validation notice. (Def.'s Reply Br. 6.)

To comply with § 1692g, the Collection Letter must contain a validation notice that includes five elements:

> (1) the amount of the debt,
>
> (2) the name of the creditor to whom the debt is owed,
>
> (3) a statement that consumer has 30 days to dispute the validity of the debt or a portion before it is assumed valid,
>
> (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and provide them with a copy, and
>
> (5) a statement that upon the consumer's written request within the 30-day period, the debt collector will provide the name and address of the original creditor.

*See* 15 U.S.C. § 1692g(a)(1)-(5); *see also Ulrich v. Radius Glob. Sols., LLC*, No. 18-15797, 2019 WL 3430472, at *3 (D.N.J. July 30, 2019).

A debt collector must do more than include this validation notice; it must also write the validation notice in a way that the least sophisticated consumer can understand it. *See Wilson*, 225 F.3d at 353 n.2. "For example, when the requisite information is hidden within the notice, or when

8

the debtor's rights are 'overshadowed' by the text of the document within which it is sent, the initial communication has been found to be confus[ing] to the least sophisticated debtor." *Oppong v. First Union Mortg. Corp.*, 566 F. Supp. 2d 395, 402 (E.D. Pa. 2008) (citation omitted). The language of the letter cannot induce the least sophisticated debtor to ignore their legal rights. *Id.*

Likewise, courts in this Circuit have reiterated that a request for payment, even immediate payment, does not overshadow or contradict the validation notice where the letter does not emphasize one option over the other. *Se Wilson,* 225 F.3d at 356. Under Third Circuit law, courts analyze debt collection letters for both "form" and "substance" to determine whether other components of the letter overshadow or contradict the letter's validation notice. *See id.* at 356-61. To determine whether a request for payment overshadowed the validation notice, the *Wilson* court looked to (1) the font, size, and color type-face of the disputed paragraphs, and (2) whether the validation notice was on the same page as the alleged overshadowing statement. *Id.* There, because the text was the same font, size, and color and immediately followed the alleged overshadowing paragraphs, the court found that the plaintiff's § 1692g claim failed. *Id.* In *D'Addario v. Enhanced Recovery Co.*, the court found that where a request for payment was not "immediate," the validation notice can even be on the back of the same page. *See* 798 F. Supp. 2d 570, 574 (D.N.J. 2011); *see also Espinal v. Enhanced Recovery Co., LLC*, No. 17-5641, 2020 WL 4048213, at *5 (D.N.J. July 16, 2020).

Here, the Court finds that there is no overshadowing in the Collection Letter. The validation notice is the same font, size, and color as the rest of the Collection Letter. Furthermore, the validation notice immediately follows the settlement deadline on the same page. In fact, this is far less overshadowing than the letter in *D'Addario*, where the court found no § 1692g violation for overshadowing the validation notice.

Likewise, the Court finds that nothing in the Collection Letter contradicts the validation notice. Pistone argues in opposition that the 48-day window to accept the settlement contrasts with the Collection Letter's 30-day period.[3] (*Id.*) In *Wilson*, the court found a collection letter needs no validation notice when there is no actual or apparent contradiction between the settlement options and the validation notice. *Wilson*, 225 F.3d at 356 n.5. Where a letter presents the options to pay or dispute the debt, and does not emphasize one over the other, or contains a demand for payment in less than thirty days, there is no actual or apparent contradiction. *Id.* at 356. In *Wilson*, the Court found that the language "an opportunity to pay immediately and avoid further action" did not constitute a contradiction. *Id.* Similarly here, the Court finds no contradiction because Halsted did not emphasize one option over the other or demand payment, let alone demand payment within the validation notice. *See e.g., Soffer v. Nationwide Recovery Systems, Inc.*, No. 06-435, 2007 WL 1175073, at *5-6 (E.D.N.Y. Apr. 19, 2007) (finding that the least sophisticated consumer would be able to keep the settlement offer expiration date and the validation period separate in their mind). The Court, therefore, finds that nothing about the Collection Letter contradicts or overshadows the validation notice, and Halsted had no need to include reconciling language. Pistone has failed to allege facts sufficient to support a claim under § 1692g.

**D.     The Complaint's § 1692f Claim Also Fails As Pistone Does Not Allege Any Additional Misconduct.**

Lastly, Halsted argues that the Complaint does not state a cognizable claim under § 1692f because Pistone does not allege any additional misconduct in violation of the statute. (Def.'s

---

[3] Here, Pistone argues a fact not supported by the Collection Letter. Plaintiff initially claims that "Defendant[] request[ed] for payment within the 30 day dispute period." (Compl. ¶ 52.) Then, Pistone contradicts that allegation in her response to Halsted's motion when she acknowledges "[s]ince the letter is dated March 4, 2021[,] the settlement offer is only good for 48 days from the date it was mailed." (Pl.'s Opp'n Br. 22) The Court finds, when reading the Collection Letter as a whole, nothing which constitutes a demand for payment within the 30-day dispute period.

Moving Br. 10-12.) The Complaint alleges Halsted violated § 1692f by using "unfair or unconscionable means" to collect a debt and § 1692f(1) by attempting to collect an amount "not expressly authorized by the agreement creating the debt." (Compl. ¶ 68.) Halsted cites to numerous cases to argue that because Pistone had not alleged any conduct specific to Pistone's § 1692f claim, the § 1692f claim must be dismissed. (Def.'s Moving Br. 10-12.) Pistone makes two arguments in her response: (1) that the § 1692f(1) claim is distinct from the § 1692e claims, and (2) that because New Jersey District Courts have imposed a materiality requirement to § 1692e and not § 1692f, the claims are distinct. (Pl.'s Opp'n Br. 25-26.)

Section 1692f is a provision used to protect against unfair conduct not specifically identified in another section of the FDCPA; therefore, it cannot be the basis of a separate claim for conduct explicitly addressed by other sections. *Rush v. Portfolio Recovery Associates LLC*, 977 F. Supp. 2d 414, 432 (D.N.J. 2013). Courts "routinely dismiss § 1692f claims when a plaintiff 'does not identify any misconduct beyond that which [he] assert[s] violate[s] other provisions of the FDCPA." *Id.* (alterations in original) (quoting *Christy v. EOS CCA*, 905 F. Supp. 2d 648, 656 (E.D. Pa. 2012)).

Pistone is correct in pointing out that § 1692f has no materiality requirement while § 1692e does. *See Thomas v. John A. Youderain Jr., LLC*, 232 F. Supp. 3d 656, 672 (D.N.J. 2017). But this is not the inquiry courts make when considering dismissal under § 1692f. The question is whether a plaintiff has identified any misconduct beyond that which it has asserted violate other provisions of the FDCPA. *Shand-Pistilli v. Prof'l Account Servs.*, No. 10-1808, 2010 WL 2978029, at * 6 (E.D. Pa. July 26, 2010) (quoting *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006)). This inquiry examines the facts alleged in the complaint, not the requirement of the provisions. This Court is not barred from dismissing a plaintiff's § 1692f claim when it is based on the facts of that plaintiff's § 1692e claim simply because one imposes a materiality requirement.

11

*See Christy*, 905 F. Supp. 2d at 656 (granting defendant summary judgment on § 1692f claim where the underlying facts were indistinguishable from plaintiff's § 1692e claim, among other FDCPA provisions). The Complaint makes no attempt to identify any conduct that solely violates § 1692f rather than § 1692e.

Pistone next alleges that Halsted violated § 1692f(1). Section 1692f(1) prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Pistone has not alleged that Halsted is attempting to collect money beyond what was authorized by the original debt. In fact, Halsted is attempting to collect *less* than what was authorized and has not included any extra fees in the Collection Letter. Because Pistone has not alleged facts indicating the attempt to collect an amount beyond what was authorized, the Court finds this claim too must be dismissed.

### IV.  **CONCLUSION**

For the foregoing reasons, the Court grants Halsted's Motion to Dismiss based on failure to state a claim. The Court will enter an Order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
UNITED STATES DISTRICT JUDGE